Sherman John **GLUNT**, Petitioner,

v.

**E.J. BRENNAN and United States Parole Commission, Respondents.**

Civ. A. No. 3:CV–93–0200.

United States District Court, M.D. Pennsylvania.

May 7, 1993.

---

Sherman John Glunt, pro se.

James J. West, U.S. Atty., Federal Building, Harrisburg, PA, Robert J. DeSousa, U.S. Attys. Office, Lewisburg, PA, for E.J. Brennan and U.S. Parole Comm'n.

## MEMORANDUM

RAMBO, Chief Judge.

Before the court is Petitioner's petition for a writ of habeas corpus. The matter has been fully briefed and is ripe for disposition.

### Background

Petitioner, a prisoner at United States Penitentiary at Lewisburg, Pennsylvania, is serving a fifteen (15) year sentence for conspiracy to possess with intent to distribute cocaine. On June 10, 1992, he received his initial parole determination hearing, at which time the examiner panel assigned him a salient factor score of ten points and rated his offense severity as Category Eight, finding that the conspiracy of which he was a part had distributed more than 18.75 kilograms of cocaine. See 28 C.F.R. § 2.20, Chap. 9, Subchap. C, ¶ 921(a). The combination of this salient score and offense severity rating resulted in a guideline range of one hundred (100) months to be served prior to release. 28 C.F.R. § 2.20. Thus, the panel recommended that Petitioner serve out the expiration of his sentence of approximately 120 months. The Regional Commissioner adopted these recommendations, a decision which was affirmed upon administrative appeal.

Petitioner now raises two arguments. First, he asserts that the Parole Commission improperly rated his offenses severity by considering the total amount of cocaine distributed by his co-conspirators rather than just that amount he himself dealt. Second, Petitioner contends that the Parole Commission's May 19, 1992 rule clarifying its policy regarding the offenses severity rating of conspirators should not be applied to him. Neither ground supports the relief he seeks.

### Discussion

#### I. Rating of Offense Severity

Petitioner asserts that he was but a bodyguard for his co-conspirators and, therefore, that he should not be held responsible for the total amount of cocaine distributed in that conspiracy. In fact, he contends he was not even a drug dealer, "just" a "thief and armed robber." (See Traverse at 2). Consequently, he argues that he should only be held responsible for the relatively small amount of cocaine that he himself distributed.

The pertinent regulations provide, in part:

The prisoner is to be held accountable for his own actions and actions done in concert with others; however, the prisoner is not to be held accountable for activities committed by associates over which the prisoner has no control and could not have been reasonably expected to foresee.

28 C.F.R. § 2.20, Ch. 13, Subch. A, Note 4. The Third Circuit in United States ex. rel Farese v. Luther, 953 F.2d 49 (3d Cir.1992) ("Farese") interpreted the parameters of this rule. In Farese, in which Judge Sloviter dissented, the majority held that even though a prisoner has been convicted of conspiracy, proof that the prisoner could reasonably foresee or control the activities of co-conspirators is required before those activities can be used to affect that petitioner's offense severity rating. Thus, in Farese, the court determined that the petitioner's offense severity rating should not be based on the entire amount of cocaine distributed by the conspiracy of which the petitioner was but a very small and isolated part. The Farese court concluded that the petitioner could not reasonably be expected to foresee the activities of his other co-conspirators and so his offense rating should only take into account that cocaine which he personally distributed. Id. at 53–54. In doing so, the court divorced the pertinent parole determination from the Pinkerton theory of conspiracy which holds

all co-conspirators vicariously responsible for actions of conspirators in furtherance of the conspiracy. *Id.* at 52 (citing *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).

The fact situation before the court is not analogous to that in *Farese.* In *Farese,* the record revealed that the petitioner only had contact with one central drug dealer, who sold cocaine to eleven other distributors; the court found petitioner to be an isolated street level dealer involved in a spoke-and-wheel type of conspiracy. *Farese,* 953 F.2d at 53. The court stated that there was "no evidence that [the petitioner] was aware of the existence of the other cocaine distributors named in the indictment, that he had contact with any other distributor except [the central figure], or that he had any knowledge of or control over [that central figure's] dealings with other members of the distribution." *Id.*

■ In contrast, in the captioned case, the government alleges that Petitioner was a courier of kilogram quantities of cocaine between two of his co-defendants, Kost and Urban, although he claims that at the most, he transported five to six kilograms of cocaine. (Presentence Report at 2;[1] Respondents' Exhibit 2, "Initial Hearing Summary.") He also was given small quantities—one half to one ounce—of cocaine to sell himself. (Respondents' Exhibit 1, "Prehearing Assessment" at 1.) Under Petitioner's version of the facts, he was an armed bodyguard protecting these and other individuals. Even if he did not independently handle the quantity of cocaine used to calculate his offense severity rating, and regardless of whether he was an armed bodyguard or a courier, he was not isolated from the conspiracy, but was directly in the heart of it. In either role, Petitioner could reasonably be expected to have had knowledge of the scope of the conspiracy in which he was involved, unlike Farese—an isolated dealer who was unaware of the extent of the larger conspiracy. Petitioner presents absolutely no evidence that he was but a peripheral figure, or had no knowledge of the extent of the conspiracy.

Petitioner attempts to distinguish his situation from the petitioner's in *Farese* by explaining that Farese was actually a drug dealer, while Petitioner is not. However, the relevant analysis is not whether or not Petitioner was a drug dealer, or whether he himself distributed over 18.75 kilograms of cocaine (the amount central to his offense severity rating), but rather, is whether Petitioner reasonably could have foreseen the activities of that conspiracy. Thus, it is not the amount of cocaine which Petitioner actually distributed which is at issue here; rather, the court must examine whether Petitioner could reasonably have foreseen the amount of cocaine distributed by his co-conspirators. The court is persuaded that a preponderance of the evidence shows that he could. 28 C.F.R. § 2.19(c) (setting forth preponderance of evidence standard in parole determinations).

■ Petitioner asserts that although the conspiracy began in 1981, he did not become involved until the spring of 1983, and therefore, should not be held responsible for the total amount of cocaine distributed by the conspiracy. (Petitioner's Exhibit A–9, Presentence Report at 2.) While Petitioner is correct that he can not be held liable for activities occurring prior to his entrance into the conspiracy, it must be noted that the conspiracy of which he was a part secured over 300 kilograms of cocaine. Moreover, Petitioner purportedly was a courier for kilogram amounts of this for over one year. (Petitioner's Exhibit A–14, "Indictment" at 1; Presentence Report at 2; Respondents' Exhibit 1, "Prehearing Assessment" at 1.) The court finds that a preponderance of the evidence shows that Petitioner could reasonably have foreseen that during his involvement with the conspiracy, over 18.75 kilograms of cocaine would be distributed.

## II. Validity of Rule

At the time of *Farese,* the following rule was in effect:

The prisoner is to be held accountable for his own actions and actions done in concert

---

1. The Presentence Report is attached in pieces as Respondent's Exhibit 5 and Petitioner's Exhibit A–9.

with others; however, the prisoner is not to be held accountable for activities committed by associates over which the prisoner has no control and could not have been reasonably expected to foresee.

*Farese,* at 51 citing 28 C.F.R. § 2.20, Ch. 13, Subch. A, Note 4. In response to opinion in *Farese,* the Parole Commission set forth an amendment to clarify its policy that a co-conspirator's offense rating is based on the activities of the entire conspiracy—that a conviction of conspiracy establishes as a matter of law that the prisoner is liable for the activities of the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (seminal case establishing liability of conspirators); 57 Fed.Reg. 41392 (1992) (Supplementary Information about Rule.) The following amendment was published May 19, 1992:

> However, if the prisoner has been convicted of a conspiracy, he must be held accountable for the criminal activities committed by his co-conspirators, provided such activities were committed in furtherance of the conspiracy and subsequent to the date the prisoner joined the conspiracy.

57 Fed.Reg. 21209 (1992) (to be added to 28 C.F.R. § 2.20, Chapter 13, Subch. A, Note 4) (proposed May 19, 1992).

Later, recognizing the legitimate exclusion characterized in *Farese,* the Parole Commission added to the above:

> ... except in the case of an independent, small scale operator whose role in the conspiracy was neither established nor significant. An offender who had an 'established' role in a conspiracy if, for example, he takes orders to perform a function that assists others to further the objective of the conspiracy, even if his activities did not significantly contribute to those objectives. For such offenders, however, a 'peripheral' role reduction may be considered.

57 Fed.Reg. 41392 (Sept. 10, 1992).

Petitioner asserts that the May 19, 1992 amendment can not apply to him. The court finds it unnecessary to decide this question. Although Petitioner fervently argues the *Farese* exception applies to him, the court finds that it does not, as stated above. A preponderance of evidence shows that Petitioner could reasonably foresee the large amounts of cocaine being distributed by his co-conspirators. Thus, application of the amended rule is unnecessary to determine that the Parole Commission was correct in basing Petitioner's offense level on that distributed by the conspiracy as a whole.

Petitioner's petition for a writ of habeas corpus will be denied. An appropriate order will be issued.